UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| SONJA NICOLE WILLIAMS, a/k/a SONJA ROSS, | CASE NO. 19-56304-pmb |
| DEBTOR. | |

## MOTION TO REOPEN BANKRUPTCY CASE

Mary Ida Townson, United States Trustee for Region 21, moves to reopen this case pursuant to Bankruptcy Code section 350(b) and Federal Rule of Bankruptcy Procedure 5010.

### COURSE OF PROCEEDINGS

1.

Sonja Nicole Williams, now known as Sonja Ross, ("Debtor") commenced this case on April 23, 2019, by filing a voluntary petition for relief under chapter 13 of the Bankruptcy Code.

2.

Despite filing three pre-confirmation plan modifications, Dkt. Nos. 79, 81, and 89, Debtor was unable to overcome several confirmation objections to her plan. *See* Dkt. Nos. 25 and 83 (Chapter 13 Trustee's first objection to confirmation and motion to dismiss and supplemental objection to confirmation and motion to dismiss); Dkt. Nos. 31 and 58 (objections to confirmation filed by John Jamont); Dkt. Nos. 48 and 56 (confirmation objection filed by Just Cash of Cumming and amended objection of same).

3.

On December 9, 2019, Debtor filed her first request to convert her chapter 13 case to chapter 7, which was granted the next day. Dkt. No. 91. William J. Layng ("Trustee Layng") was

appointed and served as chapter 7 trustee.

4.

On January 9, 2020, Trustee Layng held and concluded the section 341 meeting. On January 28, 2020, Trustee Layng filed a report of assets and moved the Court to set a claims bar date of April 28, 2020. Dkt. No. 102.

5.

On July 7, 2020, Trustee Layng filed his Interim Report, Dkt. No. 168, indicating he was still pursuing, among other assets, Debtor's interest in at least three pending causes of action, as well as in two litigation settlements.

6.

On March 25, 2021, Trustee Layng filed his Final Report, indicating he had reduced all scheduled and known assets of the estate to cash, released them to the debtor as exempt, or abandoned them. Dkt. No. 209. The Final Report indicated Trustee Layng realized gross receipts in the amount of $19,986.80, entirely from a settlement on a lawsuit filed by Debtor's company Shock Theory DLV, Inc., against Global Common Community Communications LLC and the Andrew J. Young Foundation, with case no. 2018CV303612 in the Superior Court of Fulton County. Trustee Layng's Final Account and Distribution Report indicates that $21,629.55 of nonpriority unsecured claims were allowed in this case, and that he made a distribution of $1,256.02 on them—a recovery of about 5.8%. Dkt. No. 214 at 9.

7.

On August 26, 2021, the Court granted a discharge to Debtor, discharged Trustee Layng from his duties, and closed the estate. Dkt. No. 215.

**UNADMINISTERED ASSET**

8.

On July 12, 2021, an individual named Craig Alexander—who is, upon information and belief, a former romantic and business partner of the Debtor—filed case no. 21A3275 in the State Court of DeKalb County against a number of plaintiffs, including Delta Air Lines, his ex-wife Sheila Alexander, and multiple other parties.

9.

Upon information and belief, Debtor first learned of this case when she received a nonparty discovery request from Delta in March 2023. She retained counsel on April 10, 2023, and filed a complaint (the "Ross Complaint," attached hereto) into the case as intervenor-plaintiff on June 25, 2024. Upon information and belief, the case is at the discovery stage.

10.

It appears from the United States Trustee's preliminary review of the Ross Complaint that the essence of the complaint is this: Craig Alexander originally commenced this case against the Defendants, including Delta, on the basis that Delta's internally-developed "Family Flight Communication" software was in fact an unauthorized copy of software called QrewLive, owned by Craig Alexander and unsuccesfully marketed to Delta, in violation of Craig Alexander's intellectual property rights. Debtor, intervening via the Ross Complaint, alleges that she is the "true creator, owner, and developer" of QrewLive and that the damages claimed by Craig Alexander in his complaint should in fact flow to her. Debtor also alleges in the Ross Complaint that Craig Alexander breached fiduciary duties owed to Debtor in presenting this software as his property. Between damages Debtor claims from Craig Alexander and damages claimed by Craig Alexander against Delta and associated defendants (and which Debtor maintains should flow to

her), Debtor's bankruptcy counsel has characterized this as a "billion-dollar complaint." The Ross complaint alleges trade secret misappropriation (against both Craig Alexander and Delta); tortious interference with business relations, conspiracy to tortiously interfere with business relations, theft and conversion, conspiracy to commit theft and conversion, breach of contract, breach of fiduciary duty and fraud. In addition to compensatory damages, Debtor claims she is entitled to exemplary damages, punitive damages, and attorney fees.

11.

It appears possible that the Debtor may recover on some of these causes of action, which could potentially result in a meaningful distribution to creditors. A chapter 7 trustee should be reappointed to investigate.

LEGAL AUTHORITY AND ARGUMENT

12.

Section 541 of the Bankruptcy Code defines property of the estate as "all legal or equitable interest of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(A)(1). Congress intended the estate to include a broad range of property. *U.S. v. Whiting Pools, Inc.*, 462 U.S. 198, 205 (1983). Legal causes of action are included in this broad definition.

13.

Property of the estate that was scheduled under section 521(a) that is not otherwise administered during the case is deemed administered and abandoned to the debtor at the time of closing. 11 U.S.C. § 554(c). Property of the estate that was not scheduled and that is not administered remains property of the estate. 11 U.S.C. § 554(d).

14.

Debtor did not schedule or otherwise disclose this cause of action on her schedules or

other verified papers. *See* Dkt. No. 173 (most-recent amended Statement of Financial Affairs), Dkt. No. 105 (most-recent amended Schedule A/B).

15.

"The question of whether a debtor's interest in property is property of the estate is a federal question, but the definition of property and issues about the nature and existence of the debtor's interest, are issues of state law." *Bracewell v. Kelly (In Re Bracewell)*, 454 F.3d 1234, 1243 (11th Cir. 2006).

16.

Under Georgia law, "The true test to determine when the cause of action accrued is to ascertain the time when the plaintiff could first have maintained his action to a successful result" Tiismann v. Linda Martin Homes Corp., 279 Ga. 137, 138, (2005) (internal quotations omitted).

17.

From the United States Trustee's review of the Ross Complaint, it appears that the tortious conduct Debtor alleges she suffered at the hands of Craig Alexander and Delta had fully unfolded by 2018, when Delta (allegedly) premiered its own internal application, Family Flight Communication, that was (allegedly) an unauthorized reproduction of QrewLive. Ross Complaint at 14. The above-captioned bankruptcy case was filed in 2019. Accordingly, the causes of action captured in the Ross complaint appear to have arisen prepetition. Per the Ross complaint, it appears that Debtor's delay in intervening in the lawsuit owes both to Craig Alexander's delay in filing the suit, and her own delay in learning of the suit, and not to postpetition tortious conduct.

18.

Bankruptcy Code section 350 authorizes the Court to reopen a case to administer assets,

to accord relief to the debtor, or for other cause.  11 U.S.C. § 350(b).

19.

Rule 5010 provides that a case may be reopened on motion of a party in interest and that a trustee shall not be appointed by the United States Trustee unless the Court determines that a trustee is necessary to protect the interests of creditors and the debtor or to insure efficient administration of the case.  Fed. R. Bankr. P. 5010.

20.

The United States Trustee is a party in interest and may raise and may appear and be heard on any issue in any case or proceeding under title 11.  11 U.S.C. § 307.

21.

"Although a motion to reopen is addressed to the sound discretion of the bankruptcy court, the court in fact has a duty to reopen the estate whenever there is proof that it has not been fully administered." *In re Upshur*, 317 B.R. 446, 451 (Bankr. N.D. Ga 2004).  Generally, the Court should grant a motion to reopen a case to add an unscheduled claim "to allow the trustee to make a decision whether to pursue the asset for the benefit of creditors or whether it is of limited value and should be abandoned back to the debtor…" *Id*. at 454.  Given the complexity of the case and the complaint, it appears appropriate to appoint a chapter 7 trustee to evaluate whether Debtor's right to payment on this claim represents an asset that ought to be pursued for the benefit of creditors.

22.

Motions to reopen are administrative in nature and may be considered ex parte, without notice or hearing. 11 U.S.C. 350(b). Fed. R. Bankr. P. 5010 and 9013. "[T]he reopening of a closed bankruptcy case is a ministerial act that functions primarily to enable the file to be managed by the

clerk as an active matter and that, by itself, lacks independent legal significance and determines nothing with respect to the merits of the case." *In re Menk*, 241 B.R. 896, 913 (9th Cir. BAP 1999).

23.

The United States Trustee requests the Court reopen the case and direct the United States Trustee to appoint a trustee who can investigate and, if appropriate, administer the property and any unscheduled assets that were property of the estate and that were not abandoned by the chapter 7 trustee.

24.

Pursuant to the Bankruptcy Court Miscellaneous Fee Schedule, the United States Trustee should not be charged with the fee for reopening this case.

WHEREFORE, the United States Trustee moves the Court reopen this case, find that the appointment of a chapter 7 trustee is necessary to insure the efficient administration of this case, and direct the United States Trustee to appoint a chapter 7 trustee.

MARY IDA TOWNSON
UNITED STATES TRUSTEE
REGION 21

By:  /s/Adriano Omar Iqbal
Adriano O. Iqbal
Georgia Bar No. 217122
United States Department of Justice
Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303
(404) 331-4488
adriano.o.iqbal@usdoj.gov

# CERTIFICATE OF SERVICE

This is to certify that I have on this day, November 6, 2024, electronically filed the foregoing *United States Trustee's Motion to Dismiss Case* and *Notice of Hearing* using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program.

| | |
|---|---|
| **Danielle J. Eliot** | danielle@djelawfirm.com, ecfdjma@gmail.com; R44723@notify.bestcase.com |
| **Brian Jenabzadeh** | brianjamont@yahoo.com |
| **Leon S. Jones** | ljones@joneswalden.com, jwdistribution@joneswalden.com; cparker@joneswalden.com; cmccord@joneswalden.com; lpineyro@joneswalden.com; ewooden@joneswalden.com; bdernus@joneswalden.com |
| **Paul R. Knighten** | paul@knightenlawfirm.com, contact@knightenlawfirm.com |
| **William J. Layng** | wlayng@gmail.com, ga34@ecfcbis.com |

I further certify that on this day, I caused a copy of this document to be served via United States First Class Mail, with adequate postage prepaid on the following parties at the address shown for each.

Sonja Nicole Williams, aka Sonja Ross
1334 Holcombs Pond Ct
Alpharetta, GA 30022

Sonja Nicole Williams, aka Sonja Ross
P.O. Box 3930
Alpharetta, GA 30022

                                                            */s/Adriano Omar Iqbal*
                                                            Adriano O. Iqbal
                                                            Georgia Bar No. 217122
                                                            United States Department of Justice
                                                            Office of the United States Trustee
                                                            362 Richard Russell Building
                                                            75 Ted Turner Drive, SW
                                                            Atlanta, Georgia 30303
                                                            (404) 331-4488
                                                            adriano.o.iqbal@usdoj.gov