

**IT IS ORDERED as set forth below:**

**Date: December 12, 2024**

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| IN RE: | |
| **SONJA NICOLE WILLIAMS,** | CASE NUMBER<br>**19-56304-PMB** |
| Debtor. | CHAPTER 7 |
| **MARY IDA TOWNSON**<br>**in her capacity as United States Trustee,** | |
| Movant, | |
| v. | CONTESTED MATTER |
| **CRAIG ALEXANDER,** | |
| Respondent. | |

### ORDER GRANTING MOTION TO REOPEN CHAPTER 7 CASE

On November 6, 2024, the above-named movant (the "Movant" or "Trustee") filed a *Motion to Reopen Chapter 7 Case* (Docket No. 217)(the "Motion"). In the Motion, the Trustee requests that this case be reopened to permit a Chapter 7 trustee to investigate the extent to which the above-named debtor (the "Debtor") has any unadministered assets that were not fully disclosed

prior to her case being closed. More specifically, the Trustee seeks to appoint a Chapter 7 trustee to investigate whether the Debtor's estate may recover for any claims (the "Claims") with respect to software (the "Software") that is the subject of ongoing litigation in state court. In response to the Motion, on November 29, 2024, the above-named respondent (the "Respondent") filed his Opposition to Motion to Reopen Bankruptcy Case (Docket No. 220)(the "Response"). In the Response, the Respondent maintains that the Motion should be denied, stating that the Debtor merely seeks to hinder the Respondent's ongoing litigation in state court, as she has no interest in the Software to support her Claims. He adds that the Debtor failed to list her Claims in her schedules in this case (the "Schedules"), the Debtor acted in bad faith, and the state court found that the Debtor lacked standing to assert her Claims and that her Claims were untimely.

## Background

The Debtor initiated this case by filing a voluntary petition (Docket No. 1) under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code") on April 23, 2019. However, after several unsuccessful attempts to confirm a Chapter 13 plan, this case was converted to a case under Chapter 7 on December 10, 2019, on motion by the Debtor, *see* Docket No. 91. No interest in the Software or the Claims were listed in the Debtor's initial Schedules, *see* Docket No. 1, or her amended Schedules, *see* Docket Nos. 33 and 105. On November 4, 2020, the Debtor received a discharge in this case (Docket No. 183), and this case was later closed on August 26, 2021. Shortly before this case was closed, on July 21, 2021, the Respondent, a former business associate of the Debtor, initiated a lawsuit in the State Court of DeKalb County (the "State Court") against a number of defendants for claims concerning the Software. The Debtor became aware of the lawsuit in March of 2023, and later filed a complaint on June 25, 2024, in which she sought to

2

intervene in the Respondent's State Court lawsuit and assert her Claims against the parties therein.[1] Thereafter, the Trustee filed the Motion, which was set for a hearing on December 2, 2024 (the "Hearing").

At the Hearing, counsel appeared for the Trustee, and counsel appeared for the Respondent. Additionally, the Debtor appeared alongside an attorney representing her in this case and a separate attorney representing her in the State Court litigation concerning the Software.[2] The Trustee and the Respondent both reiterated their positions as set forth in their respective pleadings. Following the Hearing, the Court invited the parties to submit supplemental briefs for its consideration.

On December 6, 2024, the Trustee filed a *Brief in Support of Motion to Reopen* (Docket No. 222)(the "Trustee's Brief"). In the Trustee's Brief, the Trustee argues that (i) the Claims are property of the Debtor's estate that can only be administered by this case being reopened and (ii) a Chapter 7 trustee may be able to prevail on the Claims, notwithstanding the Debtor's inability to do so. On December 9, 2024, the Respondent filed his *Response To Motion to Reopen Bankruptcy Case* (Docket No. 223)(the "Respondent's Brief"). In the Respondent's Brief, the Respondent asserts that (i) there are no assets for a Chapter 7 trustee to administer in this case since the Debtor has no interest in the Software and is barred from asserting the same, (ii) the Claims were

---

[1] In the Motion, the Trustee notes that the Debtor's counsel characterized the Debtor's complaint as a "billion-dollar complaint." As of the date of the Hearing, however, the Debtor's complaint has been dismissed by the State Court for, among other reasons, untimeliness and lack of standing.

[2] At the Hearing, the Debtor stated that she was in favor of the Motion being granted and a Chapter 7 trustee being appointed to investigate the Claims. Additionally, she claimed that the Software is in fact owned by another company she owned, Skyvier, Inc. ("Skyvier"). She explained that she listed Skyvier on her Statement of Financial Affairs (Docket No. 173) despite the company not being in operation at the time. The Debtor's statements were not made under oath, but no party objected to them at the time they were made.

previously dismissed by the State Court, and (iii) the Trustee has thus not met her burden of proof to warrant this case being reopened.[3]

## Analysis

Pursuant to 11 U.S.C. § 350(b), "a case may be reopened . . . to administer assets, to accord relief to the debtor, or for other cause."[4] The decision of whether to reopen a bankruptcy case lies within the "sound discretion of a bankruptcy court." *In re Rochester*, 308 B.R. 596, 600 (Bankr. N.D. Ga. 2004) (citations and internal quotation marks omitted). "Although a motion to reopen is addressed to the sound discretion of the bankruptcy court, the court in fact has a duty to reopen the estate whenever there is proof that it has not been fully administered." *In re Upshur*, 317 B.R. 446, 451 (Bankr. N.D. Ga. 2004). In such instances, "[t]he proper focus is on the benefit to the creditors, so that if the action has any value, the case should be reopened." *Id.* A case need not be reopened when the chance of "substantial recovery for creditors appears too remote . . . ." *In re Rochester*, 308 B.R. at 600. The decision to reopen should not, however, become a vehicle to litigate the underlying merits of a debtor's cause of action. *Id.* at 601 n.1 (citation and internal quotation marks omitted). For the reasons detailed below the Court finds that reopening this case is appropriate.

First, the Claims and the Debtor's interest in the Software are property of the Debtor's bankruptcy estate. Under 11 U.S.C. § 541(a), "all legal or equitable interests of the debtor in property as of the commencement of the case" are property of the debtor's estate. Included in

---

[3] The Respondent also addressed the Debtor's claims made during the Hearing, asserting in part that Skyvier was not in existence at the time the Debtor alleges she created the Software.

[4] Federal Rule of Bankruptcy Procedure ("Rule") 5010 provides further that, a court may reopen a bankruptcy case under Section 350, but a trustee should not be appointed therein unless the court determines their appointment is necessary to "protect the interests of creditors . . . or to ensure that the reopened case is efficiently administered." Appointment of a trustee is clearly warranted and necessary in this case.

property of a debtor's estate are causes of action that arose prepetition. *In re Rochester*, 308 B.R. at 600.  An unscheduled, unadministered claim that has not been abandoned by the trustee under 11 U.S.C. § 554 remains property of the estate that may be administered if the case is reopened. *Id.*  Here, the Debtor failed to disclose the Claims or her interest in the Software prior to this case being closed.  Additionally, neither the Claims nor the Debtor's interest in the Software was abandoned by the Chapter 7 trustee prior to this case being closed.  Therefore, both the Claims and the Debtor's interest in the Software remain property of her estate that may be administered by a trustee upon the reopening of this case. *In re Rochester*, 308 B.R. at 600.

Second, unadministered assets exist herein such that reopening this case is required.  The Claims and the Debtor's interest in the Software are property of the Debtor's estate.  Further, the Trustee and the Debtor have provided the Court with evidence of the existence of property of the estate that has not been administered.  Most notably, the Trustee highlighted that the Claims and the Debtor's interest in the Software were neither disclosed nor abandoned by a Chapter 7 trustee, such that those assets remain unadministered.  The Trustee also noted that the Debtor's counsel suggested that the Claims in particular are the basis of the Debtor's "billion-dollar complaint." Consequently, the Court has a duty to reopen this case in light of the unadministered assets. *In re Upshur*, 317 B.R. at 451.

The Respondent presents several arguments in favor of denying the Motion.  In his Response and the Respondent's Brief, the Respondent argues that the Motion should be denied because the Debtor has no interest in the Software and is judicially estopped from asserting the same, her Claims are futile in light of her complaint being dismissed by the State Court for, among other reasons, lack of standing and untimeliness, and reopening the case may reward the Debtor's

bad faith. None of the Respondent's arguments, however, are sufficient to overcome the facts that weigh in favor of reopening this case.

First, a Chapter 7 trustee would not be estopped from pursuing claims on behalf of the Debtor's estate, since the trustee never made any inconsistent statements about ownership of the Software to the state court. *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272-73 (11th Cir. 2004). Second, a Chapter 7 trustee as the representative of the Debtor's estate would not lack standing to assert the Claims, which are property of the Debtor's estate. Further, a Chapter 7 trustee would not be time-barred from asserting the Claims because under these circumstances the State Court could determine that joinder of the trustee therein is appropriate in light of the fact that the interest of the true owner of the Claims—the Debtor's estate—was unrepresented from the time this case closed. *See In re Rochester*, 308 B.R. at 613.

Third, the Debtor's bad faith in not disclosing her interest in the Software or the Claims is not sufficient grounds to deny the Motion because the key issue here is whether reopening this case would benefit the Debtor's creditors. *In re Upshur*, 317 B.R. at 454. Denying the Motion on the basis of futility under these circumstances necessarily requires the Court find the Claims meritless, which would impermissibly invade the role of a Chapter 7 trustee, who is tasked with investigating whether assets that are property of the estate have value. *In re Rochester*, 308 B.R. at 601 n.1 (citation and internal quotation marks omitted). Thus, while the Court appreciates the less than desirable circumstances reopening this case may create for the Respondent, such a result is necessary under these circumstances.

In light of the foregoing, and after review of the Motion, the Response, the Trustee's Brief, the Respondent's Brief, and the docket and record in this matter, it is hereby

**ORDERED** that the Motion is **GRANTED** and this case is **REOPENED**. It is further

**ORDERED** that pursuant to Rule 5010, the Trustee shall appoint a trustee to serve in this case.

The Clerk is directed to serve a copy of this Order upon the Respondent, counsel for the Respondent, the Debtor, counsel for the Debtor, the Trustee, and all parties served with the Motion.

**[END OF DOCUMENT]**