# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br>**SONJA NICOLE WILLIAMS,**<br>Debtor. | **CASE NO. 19-56304**<br>**CHAPTER 7** |

## DELTA AIR LINES, INC.'S OPPOSITION TO MOTION TO DISQUALIFY KING & SPALDING FROM REPRESENTING DELTA AIR LINES, INC. IN BANKRUPTCY PROCEEDINGS

Delta Air Lines, Inc. ("Delta") hereby opposes Debtor Sonja Ross's ("Debtor") Motion to Disqualify King & Spalding ("K&S") from Representing Delta in Bankruptcy Proceedings (Docket No. 265) (the "Motion" or "Mot.").

### INTRODUCTION

Debtor's motion to disqualify K&S is without basis in law or fact and should be promptly denied. *First*, Section 327(a) of the bankruptcy code is facially inapplicable to K&S's representation of Delta in these proceedings. *Second*, K&S has no conflict of interest under applicable non-bankruptcy law. *Third*, K&S has not obstructed administration of this bankruptcy case in any way. *Fourth*, K&S has made no misrepresentations to this Court.

Debtor's serial and abusive filings have caused Delta to incur needless expenses in responding to her frivolous motions, all of which are based on fundamentally flawed legal and factual arguments. Accordingly, in addition to denying the Motion, Delta respectfully requests that the Court enter an order requiring Debtor to seek leave of Court before filing additional motions and for the fees Delta has incurred in responding to this Motion.

### BACKGROUND

Delta's Opposition to Motion for Sanctions for Willful Violation of the Automatic Stay (Docket No. 236) ("Motion for Sanctions") and Delta's Opposition to Ex Parte Motion to Enforce

Automatic Stay and Enjoin Improper State Court Actions (Docket No. 240) ("Motion to Enforce") set forth the background of the underlying litigation in the State Court of DeKalb County (the "State Court Action"), Debtor's involvement in that action, and Debtor's bankruptcy case. Delta incorporates those background sections as if set forth herein.

**ARGUMENT AND CITATION TO AUTHORITY**

**I.    SECTION 327(A) OF THE BANKRUPTCY CODE IS INAPPLICABLE TO K&S'S REPRESENTATION OF DELTA IN THESE PROCEEDINGS.**

Debtor contends K&S should be disqualified under Section 327(a) of the Bankruptcy Code. Mot. at 6. Section 327(a) is facially inapplicable to K&S's representation of Delta in this bankruptcy proceeding. Section 327(a) provides, in relevant part, that "*the trustee*, with the court's approval, *may employ* one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, *to represent or assist the trustee* in carrying out the trustee's duties under this title." *See* 11 U.S.C. § 327(a) (emphasis added). Section 327(a), which applies to the trustee's representation, has no bearing on K&S's representation of Delta. Debtor's cited case law underscores Section 327(a)'s inapplicability. *See, e.g.*, *In re Prince*, 40 F.3d 356, 361 (11th Cir. 1994) (prohibiting employment of attorney who allegedly engaged in fraudulent transfer on behalf of debtor/trustee and to whom the debtor/trustee owed money); *see also In re Marvel Ent. Grp., Inc.*, 140 F.3d 463, 478 (3d Cir. 1998) (dealing with disqualification of counsel appointed by the trustee); *In re AroChem Corp.*, 176 F.3d 610, 616 (2d Cir. 1999) (same).

**II.   K&S HAS NO CONFICT OF INTEREST UNDER APPLICABLE NON-BANKRUPTCY LAW.**

Debtor also asserts that K&S has a conflict of interest under the American Bar Association's Model Rules of Professional Conduct (the "Model Rules") 1.7 and 1.9. Mot. at 7. As a threshold issue, Debtor does not have standing to assert a conflict of interest under either of

2

these rules. Debtor is neither a current nor former client of K&S and has not alleged any ethical violations recognized by law. *See In re Cabe & Cato, Inc.*, 524 B.R. 870, 882 (Bankr. N.D. Ga. 2014) (noting that disqualification under Model Rule 1.9 is appropriate where "*the moving party and opposing counsel* had a prior attorney-client relationship"); *Bernocchi v. Forcucci*, 279 Ga. 460, 463 (2005) ("In order for counsel to have standing to raise the issue of an opposing lawyer having a conflict of interest in simultaneously representing multiple plaintiffs or defendants, there must be a violation of the rules which is sufficiently severe to call in question the fair and efficient administration of justice and opposing counsel must provide substantiation.") (internal citations omitted).

Even if she had standing, neither of these rules is applicable for the same reason. Model Rule 1.7 addresses potential conflicts that arise when an attorney represents *two clients concurrently*, and Model Rule 1.9 addresses an attorney's *duties to their former clients* in undertaking future representations. Model R. Prof. Conduct 1.7, 1.9. K&S does not represent Debtor, nor has it ever represented Debtor. Thus, no conflict of interest is at issue nor has Debtor identified any K&S client with whom K&S's representation of Delta is in conflict.

### III. K&S HAS NOT OBSTRUCTED ADMINISTRATION OF THIS BANKRUPTCY CASE.

Debtor contends that Delta has undermined the Chapter 7 Trustee's ability to exercise his "exclusive authority to collect, manage, and recover estate property" by defending against the QrewLive-related claims in the State Court Action and opposing the automatic stay. Mot. at 8. Debtor cannot bring claims relating to QrewLive or file motions relating to the inapplicable automatic stay and then accuse Delta of obstructing the administration of her bankruptcy case by defending against those claims and motions.

3

Debtor also misconstrues the Chapter 7 Trustee's duties. Under Section 704(a), the trustee shall "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest." *See* 11 U.S.C. § 704(a)(1). Indeed Section 704(a) prohibits parties other than the Chapter 7 Trustee from asserting estate causes of action vested in the Trustee, but Delta has not sought to assert a cause of action vested in the Trustee. *See e.g., Est. of Spirtos v. One San Bernardino Cnty. Superior Ct. Case Numbered SPR 02211*, 443 F.3d 1172, 1176 (9th Cir. 2006) (noting that the bankruptcy trustee has exclusive authority to *sue on behalf of the estate*); *Matter of Perkins*, 902 F.2d 1254, 1257 (7th Cir. 1990) (where creditors of a debtor sought an order requiring turnover of funds to the bankruptcy trustee, and the court found that "[w]hen a third party tries to assert an action still vested in the trustee, the court should dismiss the action") (citations omitted). Delta has done nothing more than defend itself against the State Court Action and Debtor's numerous meritless and harassing motions in this Court.

IV. **K&S HAS NOT MADE MISREPRESENTATIONS TO THE BANKRUPTCY COURT.**

Debtor asserts that K&S has mischaracterized its role in the State Court Action and sought to absolve Delta of responsibility for QrewLive's alleged misappropriation. Mot. at 9. Such an allegation is laughable in light of Debtor's inconsistent representations as to whether she or her company, Skyvier, Inc., owns QrewLive. As an initial matter, and as explained in Delta's responses to Debtor's Motion for Sanctions and Motion to Enforce, Delta did not misappropriate QrewLive, and K&S's defense of Delta against allegations of misappropriation does not require disqualification. Moreover, K&S has not misrepresented any action it or Delta has taken in the State Court Action or in these proceedings. Delta has done nothing but defend itself against

4

Debtor's frivolous claims both here and in the State Court Action, and Debtor's Motion should be denied.

## CONCLUSION

For the reasons stated herein, the Court should deny Debtor's Motion and should enter an order requiring Debtor to seek leave of Court before filing additional motions and for the fees Delta incurred in responding to this Motion.

Respectfully submitted this 30th day of January 2025.

*/s/ Thaddeus D. Wilson*
Thaddeus D. Wilson
David L. Balser
Lawrence A. Slovensky
**KING & SPALDING LLP**
1180 Peachtree Street NE
Suite 1600
Atlanta, GA 30309
thadwilson@kslaw.com
dbalser@kslaw.com
lslovensky@kslaw.com
Tel: 404-572-4842

*Counsel for Delta Air Lines, Inc.*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served via the Court's e-filing service, which will automatically email a copy of the foregoing to all counsel of record.

*/s/ Thaddeus D. Wilson*
Thaddeus D. Wilson