**IT IS ORDERED as set forth below:**

**Date: February 10, 2025**

_____

**Sage M. Sigler**
**U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re: | CASE NUMBER |
| **SONJA NICOLE WILLIAMS**, | **19-56304-SMS** |
| Debtor. | CHAPTER 7 |

**ORDER DENYING DEBTOR'S AMENDED MOTION**
**FOR RECONSIDERATION AND REQUEST FOR AN EVIDENTIARY HEARING**

Before the Court is *Debtor's Amended Motion for Reconsideration and Request for an Evidentiary Hearing* (the "Motion," Doc. 284) filed by Sonja Nicole Williams ("Debtor") *pro se* on February 5, 2025. In the Motion, Debtor asks the Court to reconsider its orders denying Debtor's various motions (the "Denial Orders," Docs. 277, 278). In addition to reconsidering its Denial Orders, Debtor requests that the Court: (i) declare that certain property is property of the estate, (ii) clarify that the automatic stay was in effect as to that property, (iii) enjoin the use of that property, (iv) order the chapter 7 trustee to clarify the status of that property, (v) declare that the estate holds the exclusive interest in that property, (vi) hold an evidentiary hearing to determine the status of that property, (vii) declare a state court order void ab initio because it was drafted by

a party to the litigation, (viii) enforce an agreement that Debtor is apparently not a party to, (ix) sanction counterparties in her state court litigation for willfully violating the automatic stay, (x) require that a counterparty to her state court litigation provide a full accounting, and (xi) approve employment of special counsel to represent Debtor in this case. For the reasons set forth below, Debtor's Motion is denied.

**I.     Debtor misunderstands the Court's December 13, 2024 order and the Court's February 3, 2025 ruling and Denial Orders.**

Debtor appears to misunderstand the Court's December 13, 2024 order reopening this case (the "Reopen Order," Doc. 224). In the Motion, Debtor asserts that the Court ruled in its Reopen Order that software Debtor refers to as "QrewLive" (the "Software" or "QrewLive") is an estate asset. That is inaccurate. The Court stated that "the Claims and the Debtor's interest in the Software are property of the Debtor's bankruptcy estate." Reopen Order at 4. The "Claims" are defined as being claims with respect to the "Software," which is defined as the software subject to state court litigation (i.e., the Software or QrewLive).

When an individual files a voluntary petition for bankruptcy, an estate is created comprised of "all legal and equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Any property interests that Debtor actually possessed became property of her bankruptcy estate when she filed her voluntary petition to initiate this bankruptcy case. The Court and parties in interest learn what property Debtor claims to own when Debtor schedules all interests in real and personal property under penalty of perjury. *See* 11 U.S.C. § 521(a). Debtor scheduled neither the Claims nor the Software prior to this case's reopening in 2024, forcing the United States Trustee to seek to reopen this case once she discovered that Debtor may have failed to disclose assets.

The Court made no determination in its Reopen Order regarding whether Debtor owns

Qrewlive or whether the claims Debtor asserts against others have any merit. The Court simply determined that, because Debtor failed to accurately disclose her property interests, the chapter 7 trustee had no opportunity to investigate whether he could liquidate the Claims and Software for the benefit of Debtor's creditors. *See* 11 U.S.C. § 704(a)(1).

Both the Court's determination and the Court's reasoning were clear in the Reopen Order. As the Court stated, "Debtor failed to disclose the Claims or her interest in the Software prior to this case being closed." Reopen Order at 5. Because Debtor failed to disclose property she now claims to own, the Court determined that Debtor's interest in the Claims and Software, to the extent they exist, remained property of the bankruptcy estate upon its closing. Emphasizing Debtor's nondisclosure, the Court determined that, to the extent the Claims and Software were property of the estate, they were not abandoned or administered—not because the chapter 7 trustee failed to perform his duties, but *because Debtor did not disclose them*. *See* 11 U.S.C. § 554(c) ("any property *scheduled under section 521(a)(1) of this title* not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered." (emphasis added)). Accordingly, the Court reopened this case to allow a chapter 7 trustee to investigate Debtor's undisclosed property.[1]

As indicated on the docket in this case on January 31, 2025, and as counsel for the chapter 7 trustee stated on the record at the February 3, 2025 hearing (the "Hearing"), the chapter 7 trustee

---

[1] "A case may be reopened . . . to administer assets, to accord relief to the debtor, or other cause." 11 U.S.C. § 350(b). As the Court made clear in the Reopen Order, the Court reopened this case to administer undisclosed assets and made no suggestion that the case was being reopened to accord any relief to Debtor. Although this does not preclude Debtor from seeking relief from this Court, Debtor should understand that this case was reopened to allow the chapter 7 trustee to investigate any potential benefit to her creditors. The chapter 7 trustee is the only one empowered to undertake such investigation and liquidate claims and assets for the benefit of creditors; Debtor has no standing to do so. In determining whether to reopen this case to allow a chapter 7 trustee to investigate the estate's interest in the Claims and Software, the Court ignored Debtor's potential bad faith in not disclosing them because its inquiry was whether reopening the case would benefit Debtor's creditors, not Debtor. The Court did not reopen this case to reward Debtor's failure to disclose potential assets of the estate. Nor did the Court reopen this case to field Debtor's flurry of frivolous sanctions motions that she has no standing to file.

has concluded his investigation and determined that there are no assets in the bankruptcy estate available for distribution to creditors, including whatever interest Debtor may assert in the Claims and the Software. The purpose for reopening this case has been served and this case is ready to be closed again.

As explained to Debtor at the Hearing, there are two possible scenarios, both of which lead to the Denial Orders and denial of this Motion. In the first scenario, the Court supposes that Debtor adequately disclosed the Claims and Software before this case was closed by either disclosing them directly or by disclosing her ownership of Skyvier. If so, the trustee investigated the assets and abandoned them to Debtor when this case was closed in 2021. In this scenario, there was no stay in place since this case was closed in 2021, and the Claims and Software were administered and abandoned to Debtor then. If the Claims and Software instead belonged to Skyvier when Debtor filed this case, then they are necessarily *not* property of Debtor's bankruptcy estate and never were. *See* 11 U.S.C. § 541(b) (1) ("Property of the estate does not include [] any power that the debtor may exercise solely for the benefit of an entity other than the debtor."). Thus, if the Claims and Software are property of Skyvier, the automatic stay in this case never applied to them, and no one could have violated the stay regardless of whether or how they used the Software.[2]

On the other hand, if the Claims and Software belonged to Debtor personally when she filed this bankruptcy case and they were not disclosed to the trustee before the case was originally

---

[2] Debtor asserts that, because Skyvier was administratively dissolved after Debtor failed to deliver its annual registration to the Georgia Secretary of State, any rights that Skyvier had in the Claims or Software reverted to her under "O.C.G.A. § 14-2-1405(a)." There is no subparagraph (a) to O.C.G.A. § 14-2-1405, but the statute generally allows a corporation that has filed a notice of intent to dissolve to wind up and liquidate its business and affairs, including distributing its remaining property to its shareholders. Statutory permission to distribute property is not the same as a distribution. To the extent that Skyvier could have distributed its interest in the Software or the Claims to Debtor, nothing before this Court suggests that it did. Accordingly, the Court does not see the relevance of this statute. Even if Skyvier did distribute its interests in the Claims or Software to Debtor, then the second scenario described in this Order applies and those interests currently belong to Debtor's bankruptcy estate—not Debtor—until this case is closed.

closed, they were not administered or abandoned when this case was closed in 2021 because *Debtor* failed to disclose them under penalty of perjury and surrender them to the trustee. *See* 11 U.S.C. § 521(a)(4) ("The debtor shall . . . surrender to the trustee all property of the estate[.]").

Regardless of whether the Claims and Software were previously disclosed and thus administered, Debtor has now disclosed her interests in the Claims and Software, the chapter 7 trustee has investigated the estate's interest in the same, and the trustee has determined that there is no value for the estate. As the Court explained at the Hearing and in its Denial Orders, because Debtor has now scheduled the Claims and Software, to the extent they were not already, they will be abandoned to Debtor when this case is closed. *See* 11 U.S.C. § 554(c). At that point, the Claims and the Software, to the extent Debtor had any ownership interest in them when this case was originally filed, will no longer be property of Debtor's bankruptcy estate and will not be subject to the automatic stay of § 362. Until then, the Claims and Software are property of *the estate*—not Debtor—and Debtor has no standing to seek any relief with respect to them.[3] *See In re Walker*, 356 B.R. 834, 854 (Bankr. S.D. Fla. 2006) ("[T]he Chapter 7 trustee is the party with standing to seek damages for violation of the automatic stay against property of the estate."). *See also Slater v. U.S. Steel Corp.*, 871 F.3d 1174, 1180 (11th Cir. 2017) (en banc) ("Because a Chapter 7 debtor forfeits [her] prepetition assets to the estate, only the Chapter 7 trustee, not the debtor, has standing to pursue a civil legal claim."); *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004) ("Generally speaking, a pre-petition cause of action is the property of the Chapter 7 bankruptcy estate, and only the trustee in bankruptcy has standing to pursue it."); *In re Young*, 439 B.R. 211,

---

[3] Moreover, Debtor should understand that if the Claims and Software were still estate property after this case was closed in 2021, then *she* would have violated the automatic stay with respect to estate property in the state court litigation as much as anyone by bringing her claims in a willful attempt to exercise control over them. The chapter 7 trustee has chosen not to pursue such a claim and has indicated he will abandon whatever interest the estate holds in the Claims and Software to Debtor upon the closing of the case.

217 (Bankr. M.D. Fla. 2010) ("[The chapter 7 trustee] is the only person with standing to collect and administer property of the estate for the benefit of creditors.").

    II.    **Debtor has failed to meet her burden under Bankruptcy Rule 9023, and the Court will not reconsider its Denial Orders.**

Motions to reconsider court orders under Bankruptcy Rule 9023 are "reserved for certain limited situations, namely the discovery of new evidence, an intervening development or change in the controlling law, or the need to correct a clear error or prevent a manifest injustice." *Preserve Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), *aff'd* 97 F.3d 1242 (11th Cir. 1996). The decision to grant a motion for reconsideration is committed to the sound discretion of the Court. *Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health and Rehab. Servs.*, 225 F.3d 1208, 1216 (11th Cir. 2000). Debtor made no attempt in the Motion to show that there was a change in controlling law. Rather, Debtor argues that newly discovered evidence and preventing manifest injustice require the Court to reconsider its Denial Orders. The Court disagrees.

    a.  *Debtor offers no newly discovered evidence.*

In the Motion, Debtor asserts that the order entered by the State Court of DeKalb County on December 20, 2024 (Doc. 236-6), is new evidence of ownership of the Software. The order was known to Debtor at the Hearing and when drafting her motions; it is therefore by definition not newly discovered. Moreover, Debtor inaccurately asserts that the state court ruled that the Software belongs to Skyvier. The court actually stated that Debtor's counsel in that litigation "repeatedly stated that [Debtor] did not personally own QrewLive, the subject of this legal dispute, but rather that [Skyvier] owns QrewLive." Doc. 236-6 at 3. The state court further stated that "[Debtor] filed an affidavit . . . reiterating that QrewLive is an asset of Skyvier, Inc." *Id*. The state court determined that Debtor lacked standing to assert ownership of QrewLive (the Software) based on

her own representations and those of her counsel and dismissed her claims. It made no determination in the order regarding who actually owns the Software. This order offers no new evidence or other grounds for reconsideration.

      *b. Debtor shows no clear error or manifest injustice.*

Debtor asserts in the Motion that manifest injustice has occurred because the chapter 7 trustee failed to administer or abandon the Software. As previously explained, either the Software: (i) was already administered and abandoned, (ii) was not property of the estate, or (iii) will be abandoned to Debtor upon the closing of this case.[4] The trustee held and concluded his examination of Debtor on January 30, 2025, and reported on the Court's docket that the estate had been fully administered. The Court finds no basis in the Motion or otherwise to determine that the trustee's report is inaccurate or that the trustee has not fully performed his duties. Accordingly, to the extent Debtor has any ownership interest in the Claims or the Software, Debtor will be free to pursue those once this case is closed and those assets, to the extent they exist, are abandoned to her. The chapter 7 trustee serves Debtor's estate—not Debtor; he is neither Debtor's counsel nor Debtor's instrument to exact revenge on those she believes have wronged her. The trustee has performed his duties, administered the assets of Debtor's bankruptcy estate that could benefit creditors, and will abandon any remaining assets scheduled back to Debtor upon this case's closing. Debtor has not shown, and the Court does not find, that the Court committed any clear error or that reconsidering the Denial Orders would prevent manifest injustice.

**III.**    **None of Debtor's other arguments are availing.**

In the "Legal Argument" section of the Motion, Debtor asserts various theories of error by the Court, none of which are a basis to reconsider the Denial Orders. Debtor first reiterates the

---

[4] A motion, hearing, and order are not necessary to effect abandonment. *See* 11 U.S.C. § 554(c).

background of the creation, use, and litigation over the Software, none of which form a basis for reconsideration. Debtor then asserts that this Court has exclusive jurisdiction over estate property and that the automatic stay remained in effect as to the Software when this case was closed, but Debtor fails to explain how that creates any cause of action for her, personally. Debtor further asserts that Delta Air Lines violated the stay by using the Software without permission. Even if it did, Debtor has no standing to seek relief on that basis as that claim would belong to Debtor's bankruptcy estate—not Debtor. The chapter 7 trustee would have to assert that claim, but he has already determined that it is valueless for the estate. *See Hyman v. Harrold (In re Harrold)*, 296 B.R. 868, 873 (Bankr. M.D. Fla. 2003) ("Chapter 7 Trustees are appointed to objectively evaluate the entire estate and to bring only those actions which are viable, cost effective and will benefit the estate.").

Debtor argues that the chapter 7 trustee has a duty to protect estate assets, but does not present a compelling argument that the chapter 7 trustee failed in such duty. The property that Debtor failed to disclose is in exactly the same condition that it was before she disclosed it. Debtor also asserts that an evidentiary hearing is required here because there are material factual disputes to resolve, citing unresolved issues of: (i) whether the Software has been abandoned or remains estate property, (ii) the extent of Delta Air Lines' unauthorized use of the Software, and (iii) why the trustee failed to administer or abandon the Software. To the extent the trustee failed to administer the Software prior to the initial case closing, the fault lies with Debtor's failure to disclose. The trustee has standing to pursue claims for violations of the stay against estate property, but has determined either that no such claims exist or that they are valueless to the estate. Delta's use of the Software is irrelevant unless and until the trustee properly brings the matter before the Court. And regardless of whether the Software is currently estate property, it will no longer be

estate property once this case is closed. There are no disputes here relevant to this bankruptcy estate for the Court to resolve.

Debtor also argues that an order entered by the state court on November 19, 2024, was drafted by Delta Air Lines and therefore cannot be given preclusive effect. The Court did not rely on that order in reaching its decisions, so that order is irrelevant. Moreover, this Court does not sit in review of the state court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

Debtor requests that the Court approve employment of Poole & Huffman, LLC to represent Debtor with respect to the stay violations that Debtor alleges, but Debtor does not have standing to pursue those claims. In addition, Debtor's request to employ special counsel does not comply with § 327 and Bankruptcy Rule 2014 and will not be granted. To the extent any stay violations exist for use of estate property, the chapter 7 trustee is the only party who may seek sanctions from this Court, so no bankruptcy purpose would be served in approving special counsel. When this case is closed, any estate interest in the Claims and Software will be abandoned to Debtor and she may hire whatever counsel she desires to pursue claims relative to the Software in the proper forum without approval from this Court. Finally, Debtor argues that the trustee's inaction in this case raises questions requiring Court supervision. Debtor alleges, without any factual support, that the trustee did not investigate Delta's use of the Software. She argues that the trustee's lack of formal abandonment creates ongoing harm and creates a loophole for third parties to exploit bankruptcy estate assets. Debtor argues that the Court must therefore require the trustee to clarify the Software's estate status. Even if these arguments were based on actual facts and law, which Debtor has not shown, they would not present a basis for the Court to reconsider its Denial Orders. It is

completely clear that whatever rights Debtor had in the Software will be abandoned to her when this case is closed, which will happen promptly once the orders this Court enters on Debtor's numerous motions are final. Until then, the chapter 7 trustee, not Debtor, is the only party with standing to assert that Delta Air Lines or any other person or entity violated the automatic stay with respect to estate property. That is the only clarification this Court can or will provide. There is no need or basis for this Court to adjudicate the matter further.

## CONCLUSION

Debtor offers no new evidence or change in controlling law, nor has she shown any clear error or manifest injustice that would suggest the Court improperly denied Debtor's motions in the Denial Orders. Accordingly, it is

**ORDERED** that the Motion is **DENIED**.

## END OF DOCUMENT

**Distribution List**

Sonja Nicole Williams
PO Box 3930
Alpharetta, GA 30023

S. Gregory Hays
Hays Financial Consulting, LLC
2964 Peachtree Road. Ste 555
Atlanta, GA 30305

Adriano Omar Iqbal
Office of the United States Trustee
362 Richard B. Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Gregory D. Ellis
Lamberth, Cifelli, Ellis & Nason
Ste 290
6000 Lake Forrest Drive, N.W.
Atlanta, GA 30328

Rafi Law Firm, LLC
c/o Richard F. Waddington
Chandler Law, LLC
4080 McGinnis Ferry Road
Building 500, Suite 502
Alpharetta, GA 30005

Craig Alexander
c/o Willie C. Ellis, Jr
The Ellis Firm
Ste 1500
3500 Lenox Road

Thaddeus D. Wilson
King & Spalding LLP
1180 Peachtree St NE
Suite 1600
Atlanta, GA 30309

Delta Air Lines, Inc.
c/o King & Spalding
Attn: Thaddeus D. Wilson
1180 Peachtreet Street
Atlanta, GA 30309